IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

MARTEZ D. FORD,

           Defendant.

ORDER

06-cr-93-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

LAMOUNT WILLIAMS,

           Defendant.

ORDER

06-cr-16-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

GEORGE E. TAYLOR,

ORDER

06-cr-105-bbc

1

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

These are three cases in which defendants were sentenced for distribution of crack cocaine before the United States Supreme Court decided Kimbrough v. United States, 128 S. Ct. 558 (2007). In all three cases, the defendants were sentenced under the prevailing understanding in this circuit that the sentencing judge could not give a below-guidelines sentence solely because the judge disagreed with the disparity in sentencing between crack offenses and powder cocaine offenses. United States v. Miller, 450 F.3d 270, 275 (7th Cir. 2006). (In one of the cases, United States v. Martez D. Ford, Judge John C. Shabaz was the sentencing judge. In his absence on medical leave, I will be handling his cases.)

After Kimbrough, it is clear that Miller was incorrect in precluding judges from considering the disparities between crack and powder cocaine sentences when imposing a sentence on a particular defendant. Because these cases were on appeal when Kimbrough was decided, the rule announced in that case applies to them. And, because in all of these cases, the sentencing judge did not say whether a different sentence would have been imposed had the judge had the benefit of the Kimbrough opinion, each of the cases has been remanded for reconsideration of the sentence.

In conformity with the court of appeals' opinion in United States v. Taylor, 06-143 (7th Cir. Mar. 26, 2008), each of the defendants will be given an opportunity to file a

2

motion for resentencing.  With respect to any defendant who files such a motion, I will determine whether to reduce his sentence under the new guidelines promulgated by the Sentencing Commission.  If I decide not to reduce a defendant's sentence under those guidelines or if I do reduce the sentence but the re-sentenced defendant thinks that 18 U.S.C. § 3553(a) would warrant a still lower sentence, that defendant will have an opportunity to be heard before I advise the court of appeals whether I would be inclined to reduce his sentence now that I have the flexibility to do so under Kimbrough.  In the case of any defendant who does not file a motion, I will make an independent decision whether to reduce his sentence to conform to the new guidelines for crack cocaine before advising the court of appeals whether I would be inclined to lower his sentence still further.

## ORDER

IT IS ORDERED that defendants Martez D. Ford, Lamount D. Williams and George E. Taylor may have until April 25, 2008, in which to file a motion for a new sentence.

Entered this 7th day of April, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3

In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-4123

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GEORGE E. TAYLOR,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 06 CR 105—**Barbara B. Crabb**, *Chief Judge.*

_____

ARGUED JANUARY 24, 2008—DECIDED MARCH 26, 2008

_____

Before POSNER, RIPPLE, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge.* George Taylor pleaded guilty to distribution of crack cocaine and was sentenced to 124 months in prison. His appeal presents the recurring issue of the proper treatment of crack sentencing appeals that were pending when the Supreme Court decided *Kimbrough v. United States*, 128 S. Ct. 558 (2007). Taylor objects to his sentence on the ground that the district judge in sentencing him did not have the benefit of the Supreme Court's decision. The government points out that our review is for

2                                                          No. 06-4123

plain error because no objection to the sentence based on the 100:1 ratio of the weight of crack cocaine to the weight of powder cocaine, used in the sentencing guidelines, was made in the district court. The government further argues, but this time incorrectly, that because the district judge evinced no unhappiness with the guideline range that the ratio generated, there is no ground for ordering Taylor resentenced.

Before the Supreme Court's decision, the rule in this court was that the 100:1 ratio was a statutory *Diktat* that a sentencing judge was not permitted, even under the liberalized regime of the *Booker* decision, to question. Even "after *Booker* district judges are obliged to implement the 100-to-1 ratio as long as it remains part of the statute and the Guidelines . . . .[D]efendants are not entitled to a deviation from the statutory ratio . . . . [D]istrict judges must continue to carry out the legislative choice, even though there may be powerful reasons for change." *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006). "[A] district judge is required to abide by the 100-to-1 crack cocaine to cocaine powder ratio when applying the Sentencing Guidelines to a defendant's conduct; . . . . [A] sentencing judge may not recalculate a Guidelines sentence or impose a lesser, non-Guidelines sentence based on his opinion that the statutory and/or Guidelines disparity between punishments for crack cocaine and powder cocaine is unjust or unwarranted." *United States v. Hankton*, 463 F.3d 626, 629 (7th Cir. 2006). Because the guidelines were advisory, the sentencing judge could dip below them in a crack case as in any other case (provided the judge did not try to go below a mandatory minimum sentence), *United States v. Miller*, *supra*, 450 F.3d at 275, but not on the basis of a disagreement with the weighting of crack versus

No. 06-4123 3

powder; that we thought a decision that Congress, either directly or by delegation to the Sentencing Commission, had removed from the area of judicial discretion, just as Congress does when it fixes minimum and maximum sentences.

In *Kimbrough*, the Supreme Court (as the government acknowledges in a post-argument submission in the present case) held that this was incorrect; that the 100:1 ratio is not a statutory dictate, but merely a judgment, entitled to respect but not to uncritical acceptance, made by the Sentencing Commission as an input into fixing guideline ranges for crack offenders. 128 S. Ct. at 574; see also *United States v. Medina Casteneda*, 511 F.3d 1246, 1248-49 (9th Cir. 2008); *United States v. Pauley*, 511 F.3d 468, 472-73 (4th Cir. 2007).

Even before *Kimbrough*, a sentencing judge could if he wanted rail against the 100:1 ratio, but that would have been spitting against the wind, since we had held that the ratio was not to be questioned by sentencing judges. Thus the fact that a judge—the judge in this case for example—does not say anything about the ratio cannot be taken to mean that he (in this case she) thinks it is fine. The situation is the same as we faced after the Supreme Court in *Booker* demoted the sentencing guidelines from being mandatory to being merely advisory. Since until then they had been mandatory, the fact that a sentencing judge gave a sentence within the applicable guideline range without questioning the appropriateness of such a sentence did not mean that, had he known that the guidelines were merely advisory, he would have given the same sentence. So in such cases, where the defendant had been sentenced before *Booker* and his appeal from the sentence was pending after *Booker*, unless the judge had made clear that he would have

4 No. 06-4123

given the same sentence under an advisory regime we directed a limited remand to enable the judge to advise us whether he was minded to resentence the defendant, and if he said he was then we remanded for resentencing. We pointed out that a sentence founded on a clear error of law was appropriate for correction on review for plain error.

That was *United States v. Paladino*, 401 F.3d 471, 481-84 (7th Cir. 2005), and its approach (including, as held in *United States v. White*, 2008 WL 585036, at *6 (7th Cir. Mar. 8, 2008), the "unless" qualification) is equally applicable in the present setting. As the Eighth Circuit, adopting an approach similar to ours, has explained, "Normally, a district court that is aware of an argument does not abuse its discretion by not considering it. When a district court does not consider an argument because it is unaware of its power to do so, however, a remand is appropriate. See, e.g., *United States v. Lewis*, 249 F.3d 793, 795 (8th Cir. 2001). In *Lewis*, we could not determine from the record whether the district court was aware of its authority to grant a downward departure, and thus we remanded the case to allow the district court to exercise its discretion in deciding whether to grant or deny the downward departure. *Id*. In this case, the district court said nothing in either [defendant's] sentencing hearing about the disparity. It is unclear whether the district court declined to use its discretion in the requested manner because of then-current Eighth Circuit precedent or because it did not find that the disparity warranted any variance from the guidelines. We therefore vacate the sentences and remand to the district court so that it may reconsider the sentences in light of *Kimbrough*." *United States v. Roberson*, 2008 WL 323223, at *4 (8th Cir. Feb. 7, 2008) (citation omitted); see also *United States v. Stratton*,

No. 06-4123 5

2008 WL 656514, at *1 (11th Cir. Mar. 13, 2008) (per curiam); *United States v. Regalado*, 2008 WL 577158, at *3-5 (2d Cir. Mar. 4, 2008) (per curiam).

A complication is that beginning on March 3, persons sentenced for crack offenses have been able to move for a reduction in their sentence to conform to the Sentencing Commission's decision to reduce retroactively the 100:1 ratio that generates such harsh sentences for crack offenses relative to powder offenses. United States Sentencing Commission, "Supplement to the 2007 *Guidelines Manual*" 1-4 (Mar. 3, 2008); News Release, "U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses" (Dec. 11, 2007), www.ussc.gov/PRESS/rel121107.htm (visited Jan. 28, 2008). It might seem, in light of the Commission's decision, that our remanding a case for possible resentencing in light of *Kimbrough* would be pointless, since the judge minded to reduce a crack defendant's sentence could simply resentence under the new guideline. (Moreover, the judge can do this on his own initiative, or on motion by the director of the federal bureau of prisons, without a motion by the defendant. 18 U.S.C. § 3582(c).)

But that may be incorrect. The new guideline provides that a sentence under it may not be lower than the new guidelines range, U.S.S.G. § 1B1.10(b)(2)(A) (Mar. 3, 2008), unless the original sentence was a nonguideline sentence, in which event, however, "a further reduction generally would not be appropriate." *Id*., § 1B1.10(b)(2)(B). Like the rest of the guidelines, this provision may be merely advisory, in which event a sentence lower than the one prescribed by section 1B1.10(b)(2)(A) may be "consistent with applicable policy statements issued by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), the statute granting district courts authority to reopen a

6  No. 06-4123

sentence that has become final. But the status of section 1B1.10(b)(2)(A) has not been argued to us and we take no position on it. In any event, *Kimbrough*, following *Booker*, allows a judge to sentence below the guidelines range.

The district judge should hold off on telling us whether she is minded to resentence the defendant under *Kimbrough* until she decides whether to act favorably on the defendant's motion (if he makes one, or on the judge's own initiative, if he does not) for relief under the Commission's new crack regime. If she decides to impose the same sentence under the new guideline, or if though she lowers the sentence the defendant believes that 18 U.S.C. § 3553(a) would warrant a still-lower sentence, or if he does not make a proper motion for relief under the new guideline and she is not minded to grant such relief on her own initiative, she will then have to advise us whether she would be inclined to reduce his sentence under the dispensation granted sentencing judges by *Kimbrough*. To avoid delay, the judge should impose a deadline on the filing of a motion to resentence; we suggest 21 days after the date of this decision.

Because this opinion lays down a rule for handling appeals pending in this court when *Kimbrough* was decided by the Supreme Court, we have circulated the opinion to the full court in advance of issuance. 7th Cir. R. 40(e). No judge in active service requested that the case be heard en banc.